UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| In re:<br><br>**MIDWEST CHRISTIAN VILLAGES, INC.**<br>*et al.*,[1]<br><br>**Debtors.** | Chapter 11<br><br>Case No. 24-42473-659<br><br>**(Jointly Administered)**<br><br>Hearing Date: August 14, 2024<br>Hearing Time: 10:00 a.m. (CT)<br>Hearing Location: Courtroom 7 North |

**DEBTORS' FIRST OMNIBUS MOTION TO REJECT CERTAIN
EXECUTORY CONTRACTS AND UNEXPIRED LEASES**

**THIS MOTION SEEKS TO REJECT CERTAIN UNEXPIRED LEASES OF NONRESIDENTIAL REAL PROPERTY. PARTIES RECEIVING THIS OMNIBUS MOTION SHOULD REVIEW THE MOTION TO SEE IF THEIR LEASE(S) ARE INCLUDED IN THE MOTION AND/OR THE EXHIBITS ATTACHED HERETO AND DETERMINE WHETHER THE MOTION AFFECTS THEIR LEASE(S).**

The above-captioned debtors and debtors-in-possession (the "Debtors"), by and through their proposed counsel, respectfully state as follows in support of this motion (the "Motion"):

**RELIEF REQUESTED**

1. By this Motion, the Debtors seek entry of an order pursuant to sections 105(a) and 365 of title 11 of the United States Code (the "Bankruptcy Code") and Rule 6004 of the Federal

---

[1] The address of the Debtors headquarters is 2 Cityplace Dr, Suite 200, Saint Louis, MO 63141-7390.  The last four digits of the Debtors' federal tax identification numbers are:  (i) Midwest Christian Villages, Inc. [5009], (ii) Hickory Point Christian Village, Inc. [7659], (iii) Lewis Memorial Christian Village [3104], (iv) Senior Care Pharmacy Services, LLC [1176], (v) New Horizons PACE MO, LLC [4745], (vi) Risen Son Christian Village [9738], (vii) Spring River Christian Village, Inc. [1462], (viii) Christian Homes, Inc. [1562], (ix) Crown Point Christian Village, Inc. [4614], (x) Hoosier Christian Village, Inc. [3749], (xi) Johnson Christian Village Care Center, LLC [8262], (xii) River Birch Christian Village, LLC [7232], (xiii) Washington Village Estates, LLC [9088], (xiv) Christian Horizons Living, LLC [4871], (xv) Wabash Christian Therapy and Medical Clinic, LLC [2894], (xvi) Wabash Christian Village Apartments, LLC [8352],(xvii) Wabash Estates, LLC [8743], (xviii) Safe Haven Hospice, LLC [6886], (xix) Heartland Christian Village, LLC [0196], (xx) Midwest Senior Ministries, Inc. [3401] and (xxi) Shawnee Christian Nursing Center, LLC [0068].

1

Rules of Bankruptcy Procedure (the "Bankruptcy Rules") authorizing the Debtors to reject certain executory contracts and unexpired leases identified on **Exhibit A** hereto (collectively, the "Rejected Agreements") effective as of the applicable date noted on **Exhibit A** (the "Rejection Date").

## BACKGROUND

2.      On July 16, 2024 (the "Petition Date"), the Debtors filed voluntary petitions for relief pursuant to chapter 11 of the Bankruptcy Code.

3.      The Debtors continue in the operation and management of their business as debtors-in-possession pursuant to sections 1107 and 1108 of the Bankruptcy Code. No trustee, examiner or official committee has been appointed in these chapter 11 cases.

4.      A detailed description of the Debtors' business and the events leading up to the filing of these chapter 11 cases can be found in the *Declaration of Kathleen (Kate) Bertram in Support of the Debtors' Chapter 11 Petition and First Day Motions* [Docket No. 3] (the "First Day Declaration"), incorporated by reference herein.

5.      The Debtors filed Chapter 11 cases to pursue one or more going concern sales and/or going concern affiliates for each of their facilities.

## JURISDICTION AND VENUE

6.      This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334.  Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.  This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

7.      The statutory predicates for the relief sought herein are sections 105(a) and 365 of the Bankruptcy Code and Bankruptcy Rules 6004, 6006, 6007, and 9014.

## THE REJECTED AGREEMENTS

8. Prior to the Petition Date and continuing throughout these chapter 11 cases, the Debtors, in consultation with their advisors, engaged in a review of their executory contracts and unexpired leases. As a result of that review, the Debtors have determined in their business judgment that the executory contracts and unexpired leases listed on **Exhibit A** hereto (including any modifications, amendments, addenda or supplements thereto, or restatements thereof) [2] and described below are not necessary to, and would impose substantial burdens on, their ongoing business operations and restructuring efforts.

9. Accordingly, by this Motion, in order to maximize the value of their estates, the Debtors seek to reject the following agreements:

   i. **1999 Wabash Lease**. The 1999 Wabash location housed a business of the Debtors which was sold in December 2023. The buyer did not want the space and, as such, the location is not needed. The current lease expires in October 31, 2024, but the Debtors wish to reject this lease now to save on paying rent for an unused and unwanted space.

   ii. **122 Lincoln Lease**. 122 Lincoln used to house Carelink and IT. Carelink was closed and IT has since been outsourced. As such, the space is currently unused and the Debtors are seeking to reject the lease in order to avoid paying rent on the empty space.

   iii. **The Compliance Store**. The Debtors have determined that this executory contract is not needed and poses no interest for potential buyers. Accordingly, the Debtors are seeking to reject the contract to save on costs.

   iv. **DDI**. The DDI is an executory contract for a learning subscription that the Debtors are not using and have determined that potential buyers would not need or want. As such, the Debtors are seeking to reject the contract to save on costs associated with it.

   v. **Linked Senior**. The Linked Senior contract is a license agreement which the Debtors have determined is not needed, not effective, and not cost efficient. The Debtors have further determined that the contract is not necessary or of

---

[2] With respect to each Rejected Agreement, **Exhibit A** hereto lists, among other things, the applicable counterparty for the Agreement.

3

interest to potential buyers. As such, the Debtors are seeking to reject this contract to save on costs.

## BASIS FOR RELIEF

### A. Rejection of the Rejected Agreements should be approved.

10. Section 365(a) of the Bankruptcy Code provides that a debtor, "subject to the court's approval, may . . . reject any executory contract or unexpired lease of the debtor." 11 U.S.C. § 365(a). The decision to assume or reject an executory contract or unexpired lease is generally a matter within the "business judgment" of the debtor. *See Four B. Corp. v Food Barn Stores, Inc. (In re Food Barn Stores, Inc.)*, 107 F.3d 558, 567 n.16 (8th Cir. 1997); *In re Steaks to Go, Inc*, 226 B.R. 35, 37 (Bankr. E.D. Mo. 1998) ("Generally, a Bankruptcy Court is to review a decision by a debtor in possession or a trustee to reject an executory contract, and order rejection if the rejection is based on the debtor or trustee's best business judgment in the circumstances"). The business judgment standard is satisfied when a debtor determines that rejection will benefit the estate, and courts should not interfere with a debtor's determination absent a showing of bad faith or gross abuse of discretion. *See Food Barn Stores*, 107 F.3d at 567 n.16; *see also In re Audra-John Corp.*, 140 B.R. 752, 755-756 (Bankr. D. Minn. 1992).

11. Under the business judgment rule, "management of a corporation's affairs is placed in the hands of its board of directors and officers, and the Court should interfere with their decisions only if it is made clear that those decisions are, inter alia, clearly erroneous, made arbitrarily, are in breach of the officers' and directors' fiduciary duty to the corporation, are made on the basis of inadequate information or study, are made in bad faith, or are in violation of the Bankruptcy Code." *In re Farmland Indus., Inc.*, 294 B.R. 855, 881 (Bankr. W.D. Mo. 2003) (citing *In re United Artists Theatre Co.*, 315 F.3d 217, 233 (3d Cir. 2003)).

4

12. In order to satisfy the business judgment rule, a debtor must carry its burden to show some benefit to the estate. *Crystalin, LLC v. Selma Props. Inc. (In re Crystalin, LLC)*, 293 B.R. 455, 464 (B.A.P. 8th Cir. 2003). However, courts emphasize that "this test is not an onerous one" and courts should find this prong of the analysis met "as long as the proposed action appears to enhance the debtor's estate." *Crystalin*, 293 B.R. at 463-64 (internal citation omitted). Once a benefit to the estate has been shown, only a finding of "bad faith or gross abuse of . . . business discretion" should prevent the debtor from assuming the contract. *Id*. (internal citation omitted).

13. Bankruptcy Rule 9014 provides, in part, that "reasonable notice and opportunity for hearing shall be afforded the party against whom the relief is sought." *See* Fed. R. Bankr. P. 9014(a). The notice and hearing requirements for contested matters under Bankruptcy Rule 9014 are satisfied if appropriate notice and an opportunity for hearing are given in light of the particular circumstances. See 11 U.S.C. § 102(1)(A) (defining "after notice and a hearing" or a similar phrase to mean such notice and an opportunity for a hearing "as [are] appropriate in the particular circumstances").

14. Bankruptcy Rule 6006(f) permits a debtor to join requests for authority to reject multiple unexpired leases in one motion when the procedural requirements enumerated therein are satisfied. See Fed. R. Bankr. P. 6006(f). In particular, a motion to reject multiple executory contracts or unexpired leases that are not between the same parties should:

    a.    state in a conspicuous place that parties receiving the omnibus motion should locate their names and their contracts or leases listed in the motion;

    b.    list parties alphabetically and identify the corresponding unexpired lease; be numbered consecutively with other omnibus motions to reject executory contracts and unexpired leases; and

    c.    be limited to no more than one hundred (100) contracts and leases.

Fed. R. Bankr. P. 6006(f). The Debtors are in compliance with the applicable procedural requirements of Bankruptcy Rule 6006(f).

15. The Debtors request the Court approve the rejection of the Rejected Agreements identified on **Exhibit A**, effective as of the applicable Rejection Date. The rejection of the Rejected Agreements is in the best interest of the Debtors' estates and is a sound exercise of the Debtors' business judgment because the Debtors will no longer have any use for the Rejected Agreements after the Rejection Date. The Rejected Agreements generally relate to unused leased property and unnecessary and unused executory contracts and continuation of service related to the Rejected Agreements would be burdensome on the Debtors and hinder the Debtors' restructuring efforts.

### B. The Court should authorize the rejection of the Rejected Agreements effective as of the Applicable Rejection Date.

16. While court approval is a prerequisite for rejection of any executory contract, courts have recognized such an order may authorize a rejection as of the date the motion is filed. *See In re At Home Corp.*, 392 F.3d 1064, 1071 (9th Cir. 2004); *In re Thinking Machs. Corp.*, 67 F.3d 1021, 1028 (1st Cir. 1995); *In re Fleming Cos., Inc.*, 304 B.R. 85, 96 (Bankr. D. Del. 2003); *In re Jamesway Corp.*, 179 B.R. 33, 38 (S.D.N.Y. 1995) (approving retroactive rejection where objector "caused the delay" by interposing an improper objection); see also 3 COLLIER ON BANKRUPTCY ¶ 365.03[4] ("If retroactive approval of rejection is not permitted, bankruptcy courts face the prospect of requests for expedited determination of rejection motions as a matter of course in order to reduce administrative expenses."); *cf. Adelphia Bus. Solutions v. Abnos*, 482 F.3d 602, (2d Cir. 2007) (assuming, without deciding, that bankruptcy court has such authority); *In re Stonebridge Techs., Inc.*, 430 F.3d. 260, 273 (5th Cir. 2005) (suggesting bankruptcy courts have such authority); *but see In re Worths Stores Corp.*, 130 B.R. 531, 533 (Bankr. E.D. Mo. 1991) ("the effective date of a debtor's lease rejection is that on which the Court entered its order approving

6

such rejection"). "[O]nly after balancing the equities in a particular case, should the court approve a retroactive rejection of nonresidential lease." *Chi-Chi's, Inc.*, 305 B.R. at 399; *In re Phila. Newspapers, LLC*, 424 B.R. 178, 185 (Bankr. E.D. Pa. 2010) ("[T]he decision to grant retroactive rejection of a lease or contract is dictated by equitable considerations.").

17. Rejection of the Rejected Agreements as of the applicable Rejection Date is warranted under the circumstances of this case. The Rejected Agreements either provide no ongoing benefit to the Debtors' estates or provide benefits that are substantially less than the corresponding costs. Rejecting the Rejected Agreements will relieve the Debtors from performing under substantially unprofitable agreements and, for all the reasons set forth herein, is clearly beneficial to the Debtors' estates and creditors.

18. Moreover, the counterparties will not be unduly prejudiced if the rejection is deemed effective as of the Rejection Date. The Debtors are not or will no be longer using the Rejected Agreements, and this Motion is being served promptly on each of the counterparties, each of whom will have a sufficient opportunity to respond. Furthermore, service of this Motion is an unequivocal expression of the Debtors' intention to reject the Rejected Agreements, and the Debtors hereby certify that they will not withdraw this Motion as to any of the Rejected Agreements without the consent of the applicable counterparty. For these reasons, the Debtors respectfully submit that it is fair and equitable for the Court to hold that the Agreements are rejected as of the Rejection Date.

## **WAIVER OF RULE 6004**

19. Finally, by this Motion, the Debtors seek a waiver of any stay of the effectiveness of the order approving this Motion. Pursuant to Bankruptcy Rule 6004(h), "[a]n order authorizing the use, sale, or lease of property other than cash collateral is stayed until the expiration of 14 days after entry of the order, unless the court orders otherwise." As set forth above, the immediate

rejection of the Rejected Agreements is necessary to the success of the chapter 11 cases, and the Debtors' ability to implement their chapter 11 strategy. Accordingly, the Debtors submit that ample cause exists to justify a waiver of the fourteen-day stay imposed by Bankruptcy Rule 6004(h), to the extent that it applies.

## NO PREVIOUS REQUEST

20. No previous application for the relief sought herein has been made to this or any other Court.

## NOTICE

21. This Motion and notice of this Motion will be served respectively on Master Service List, Master Notice List, and the counterparties to the Rejected Agreements. Notice of this Motion and any order entered hereon will be served in accordance with Local Rule 9013-3(A)(1). The Debtors submit that, under the circumstances, no other or further notice is required.

**WHEREFORE**, the Debtors respectfully request entry of an order granting the relief requested herein, together with such other and further relief as the Court deems just and proper.

[*Remainder of page left intentionally blank*]

Dated: August 5, 2024
St. Louis, Missouri

Respectfully submitted,

**DENTONS US LLP**

*/s/ Stephen O'Brien*

Stephen O'Brien
MoBar # 43977
**DENTONS US LLP**
211 N Broadway Ste 3000
St. Louis, MO 63102
Telephone: (314) 241-1800
stephen.obrien@dentons.com

Robert E. Richards (admitted *pro hac vice*)
Samantha Ruben (admitted *pro hac vice*)
Elysa Chew (admitted *pro hac vice*)
**DENTONS US LLP**
233 S. Wacker Drive, Suite 5900
Chicago, Illinois  60606-6404
Telephone: (312) 876-8000
robert.richards@dentons.com
samantha.ruben@dentons.com
elysa.chew@dentons.com

– and –

David A. Sosne
MoBar # 28365
**SUMMERS COMPTON WELLS LLC**
903 South Lindbergh Blvd., Suite 200
St. Louis, Missouri 63131
Telephone: (314) 991-4999
dsosne@scw.law

*Co-Counsel to the Debtors and Debtors-in-Possession*

9

**EXHIBIT A**

**Rejected Agreements**

| Counterparty | Type of Agreement | Rejection Date |
|---|---|---|
| 1999 Partners | Lease<br>1999 Wabash Ave.<br>Springfield, IL | August 31, 2024 |
| Anye K Wolff | Lease<br>122 Lincoln Place Court<br>Suite 202 and 203<br>Belleville, IL 62221 | August 31, 2024 |
| The Compliance Store | Facility Agreement | August 5, 2024 |
| Development Dimensions International, Inc. | Master Products and Services Agreement | August 5, 2024 |
| Linked Senior, Inc. | Customer Services and Licensing Agreement | August 5, 2024 |