**UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF MISSOURI**

| | | |
|---|---|---|
| IN RE: | ) | IN PROCEEDINGS UNDER |
| | ) | CHAPTER 11 |
| Midwest Christian Villages. Inc., et al | ) | |
| | ) | Case No. 24-42473 |
| | ) | |
| Debtor(s). | ) | Jointly Administered |

**MOTION OF VICTORIA L. HUFFSTUTLER AS EXECUTOR OF THE ESTATE OF FRED A. HUFFSTUTLER, DECEASED FOR RELIEF FROM THE AUTOMATIC STAY**

COMES NOW, Movant Victoria L. Huffstutler as Executor of the Estate of Fred A. Huffstutler, Deceased ("Movant"), by and through her attorneys, and moves this Honorable Court for the entry of an Order lifting or modifying the automatic stay imposed by 11 U.S.C. § 362(a) (the "Automatic Stay") pursuant to 11 U.S.C. § 362(d)(1), FED. R. BANKR. P. 4001, and LOCAL BANKR. R. L.R. 4001-1. In support thereof, Movant respectfully states as follows:

**SUMMARY OF GROUNDS FOR REQUESTED RELIEF**

1. On or about July 16, 2024 (the "Petition Date"), Debtor Lewis Memorial Christian Village together with its related Debtor affiliates, filed Voluntary Petitions under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") with the United States Bankruptcy Court for the Eastern District of Missouri (the "Bankruptcy Court") Case No. 24-42475. Debtor's case has been jointly administered for procedural purposes under Midwest Christian Villages, Inc. Case No. 24-42473.

2. On April 13, 2022, Movant filed her Complaint (the "Complaint") in a certain state court cause of action for negligence and personal injury against Debtor Lewis Memorial Christian Village, (hereinafter referred to as "Defendant-Debtor"), in the Circuit Court, Seventh Judicial Circuit, Sangamon County, Illinois (the "State Court"), in the case styled *Victoria L. Huffstutler as Executor of the Estate of Fred A. Huffstutler, deceased, Plaintiff vs. Lewis Memorial Christian Village, an Illinois Corporation, a/k/a Christian Horizon Defendant*, bearing Case No. 2022LA000061 (the "Civil Suit"). A true and accurate copy of the Complaint in the Civil Suit has been attached hereto as **Exhibit A** and is incorporated herein by this reference.

3. The Civil Suit stems from events occurring between the dates of April 16, 2020 and April 21, 2020 while Fred A. Huffstutler was under the nursing home care of the Defendant-Debtor leading to his death on or about April 27, 2020. Movant was appointed as Executor of the Estate of Fred A. Huffstutler on April 7, 2022, by order of the Sangamon County Probate Court, Case No. 2022-PR-143.

4. The Civil Suit is pending a jury trial.

5. The filing of Defendant-Debtor's Voluntary Petition under Chapter 11 of the Bankruptcy Code effectively stayed prosecution of Movant's cause of action in the Civil Suit.

*6.* Prior to the Petition Date, Defendant-Debtor's insurance counsel had filed an Answer to Movant's Complaint in the Civil Suit and the parties have conducted discovery.

7. Upon information and belief, Defendant-Debtor is covered by a general liability insurance policy and/or policies, providing coverage for defense and liability expenses. It is further believed that Debtor's insurance coverage from this insurance policy and/or policies amounted to aggregate limits of $3,000,000.00.

8. Movant requests that the automatic stay be lifted, or otherwise modified, to allow Movant to pursue her cause of action in the Civil Suit, only to the extent that recovery of any judgment against the Defendant Debtor shall be limited solely to the limits of liability provided for by Defendant-Debtor's applicable insurance policy or policies.

9. Other than against insurance proceeds, the Movant will not seek the enforcement of any judgment against the Defendant-Debtor, or any other Debtor, without further order of this Court.

10. To be clear, if the automatic stay is lifted or modified to allow Movant to proceed with the Civil Suit, then Movant's Claim[1] relating to judgment in the Civil Suit, if any, against Defendant-Debtor, or any other Debtor, shall be limited to recovery under Defendant-Debtor's or any other Debtors', applicable insurance policy and/or policies. However, to the extent that Defendant-Debtor, or any other Debtor, is/are self-insured and/or to the extent that any recovery in the Civil Suit is in excess of the insurance policy and/or policies limits, said self-insured liability and/or excess recovery shall be filed as

[1] On August 9, 2024, Movant filed a Proof of Claim in the amount of $1,000,000.00.

an amended Claim against the Defendant-Debtor's and/or any other Debtor's bankruptcy estate(s) ("Bankruptcy Estate").

11. Section 362(d) of the Bankruptcy Code requires relief from the automatic stay, "by terminating, annulling, modifying or conditioning such stay for cause." *See* 11 U.S.C. § 362(d)(1).

12. Good cause exists to allow Movant to proceed with her Civil Suit against the Defendant-Debtor Lewis Memorial Christian Village and to allow Movant to establish her rights, if any, to the proceeds of any insurance policy or policies.

## JURISDICTION AND VENUE

13. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper in this Court pursuant to 28 U.S.C. § 1409. This is a core proceeding under 28 U.S.C. § 157(b). The statutory predicates for the relief sought are sections 105(a) and 362 of the Bankruptcy Code.

## ARGUMENT

14. Upon information and belief, Defendant-Debtor is covered by a liability insurance policy and/or policies, providing coverage for defense and liability expenses related to the Civil Suit.

15. It is assumed that the Defendant-Debtor carries insurance with limits that would satisfy any potential judgment against it in the Civil Suit, either in full or in part.

16. Section 362(d)(1) of the Bankruptcy Code authorizes this Court to grant relief from the automatic stay "[o]n request of a party in interest for cause, including the

lack of adequate protection of an interest in property of such party in interest." 11 U.S.C. § 362(d)(1).

17. "Congress did not define cause; however, it contemplated relief from the automatic stay to allow litigation involving the debtor to proceed in another forum under appropriate circumstances." *In re Wintroub*, 283 B.R. 743, 745 (8th Cir. BAP 2002).

18. In determining whether cause exists, a court "must balance the potential prejudice to the debtor, the bankruptcy estate and the other creditors associated with the proceeding in another forum against the hardship to the movant if it is not allowed to proceed in the other forum… The relevant factors which the court must consider include judicial economy, trial readiness, the resolution of primary bankruptcy issues, the Movant's chance of success on the merits, the costs of defense or other potential burdens to the estate, and the impact of the litigation on other creditors" *Id*. (the "*Wintroub* Factors")

19. The courts in the Second Circuit, when in considering whether to lift or modify the automatic stay to permit jury trial litigation in another forum when insurance is present are guided by the factors enumerated in *Sonnax Indus., Inc. v. Tri Component Prods. Corp.* (*In re Sonnax Indus., Inc.*), 907 F.2d 1280 (2d Cir. 1990) (the "*Sonnax* Factors"):

> (1) whether relief would result in a partial or complete resolution of the issues; (2) lack of any connection with or interference with the bankruptcy case; (3) whether the other proceeding involves the debtor as a fiduciary; (4) whether a specialized tribunal with the necessary expertise has been established to hear the cause of action; (5) whether the debtor's insurer has assumed full responsibility for defending it; (6) whether the action primarily involves third parties; (7) whether litigation in another forum would prejudice the

> interests of other creditors; (8) whether the judgment claim arising from the other action is subject to equitable subordination; (9) whether movant's success in the other proceeding would result in a judicial lien avoidable by the debtor; (10) the interests of judicial economy and the expeditious and economical resolution of litigation; (11) whether the parties are ready for trial in the other proceeding; and (12) impact of the stay on the parties and the balance of harms.

*Id.* at 1286.

20. While the *Sonnax* Factors are more extensive, they include the *Wintroub* Factors considered by the Eighth Circuit. Further, the *Sonnax* opinion has been cited with approval in the Eighth Circuit as additional authority. *See In re Blan*, 237 B.R. 737, 739-40 (8th Cir. BAP 1999).

22. Not all of the factors are relevant in every case. *Schneiderman v. Bogdanovich* (*In re Bogdanovich*), 292 F.3d 104, 110 (2d Cir. 2002); *Mazzeo v. Lenhart (In re Mazzeo)*, 167 F.3d 139, 143 (2d Cir. 1999). The Court need not assign equal weight to each factor. *In re Taub*, 413 B.R. 55, 62 (Bankr. E.D.N.Y. 2009); *In re Keene Corp.*, 171 B.R. 180, 183 (Bankr. S.D.N.Y. 1994).

23. The Movant bears the initial burden of making a *prima facie* showing of "cause" for relief from the stay, but the ultimate burden of persuasion rests with the debtor to show an absence of "cause." *See Mazzeo*, 167 F.3d at 142; *Sonnax*, 907 F.2d at 1285; *cf.* 11 U.S.C. § 362(g)(2) (party opposing stay relief has burden of proof on all issues other than debtor's equity in subject property).

24. In the instant proceeding, the relevant *Sonnax* Factors include: "(1) whether relief would result in a partial or complete resolution of the issues; (2) lack of any

connection with or interference with the bankruptcy case; (4) whether a specialized tribunal with the necessary expertise has been established to hear the cause of action; (5) whether the debtor's insurer has assumed full responsibility for defending it; (7) whether litigation in another forum would prejudice the interests of other creditors; (10) the interests of judicial economy and the expeditious and economical resolution of litigation; (11) whether the parties are ready for trial in the other proceeding; and (12) impact of the stay on the parties and the balance of harms." *Id*. At 1286.

25. The first *Sonnax* Factor is whether relief would result in a partial or complete resolution of the issues. Relief here would result in a partial, if not complete, resolution of the Movant's claim in that a jury in the personal injury matter would determine the extent of Movant's damages, with the claim being satisfied either in whole or in part by insurance proceeds.

26. The second *Sonnax* Factor is lack of any connection with or interference with the bankruptcy case. While Movant's claim has a connection to the bankruptcy case as a result of the claim being liquidated in the event of judgment, the state court proceeding will certainly not interfere with the administration of the bankruptcy case.

27. The fourth *Sonnax* Factor, (whether a specialized tribunal with the necessary expertise has been established to hear the cause of action); the fifth *Sonnax* Factor, (whether the debtor's insurer has assumed full responsibility for defending it); the tenth *Sonnax* Factor, (the interest of judicial economy and the expeditious and economical resolution of litigation); and the eleventh *Sonnax* Factor, (whether the parties are ready for trial in the other proceeding, all weigh heavily in favor of permitting the Civil Suit

litigation to proceed). Specifically, this jury trial case has been before the State Court since 2022; the defense has been assumed by Defendant-Debtor's insurers; much of the discovery has been completed; and the case is ready for mediation/or jury trial after completion of discovery. The State Court is the most efficient and appropriate place for the matter to be brought to conclusion.

28. The seventh *Sonnax* Factor is whether litigation in another forum would prejudice the interests of other creditors. This factor, likewise, weighs in favor of granting the reasonable relief requested. As highlighted above, any risk to creditors can be addressed by conditioning recovery in the Civil Suit to insurance proceeds, with a resulting amended claim being limited to the amount of the judgment not satisfied by the insurance coverage.

29. Similarly, the twelfth *Sonnax* Factor, the impact of the stay on the parties and the balance of harms, favors the automatic stay being lifted or otherwise modified. The Civil Suit has been pending for more than two years and Movant would likely encounter significant hardship should the automatic stay remain in place with respect to prosecution of her Civil Suit. As noted by the court in *In re Todd Shipyard*s, 92 B.R. 600, 603 (Bankr. D.N.J. 1988), "courts have regarded the opportunity to litigate the issue of liability as a significant right which cannot be easily set aside, even where pre-petition causes of action are involved." Should the stay remain in place, Movant likely will have to wait an inordinately long time to prosecute the claim, which arose in 2020. This wait may effectively deny Movant an opportunity to litigate given the risk of aging evidence,

loss of witnesses and crowded court dockets. *See In re Brock Laundry Machine Co.*, 37 B.R. 564, 566 (Bankr. N.D. Ohio 1984).

30. In the case at bar, Movant submits that there is sufficient cause for the Court to lift or otherwise modify the automatic stay so that Movant may proceed to prosecute her Civil Suit in the State Court. The balancing factors demonstrate that Defendant-Debtor and the Bankruptcy Estate would encounter little prejudice, if any, should the stay be lifted or otherwise modified on the condition that Movant's recovery against Defendant-Debtor's, or any other Debtor would be first limited to the Defendant-Debtor's applicable insurance policies before filing an amended claim in the Debtor's Bankruptcy Estate to the extent that any judgment exceeds Defendant-Debtor's, or any other Debtor's, applicable insurance coverage.

31. Based on the foregoing, Movant submits that cause exists to lift or modify the automatic stay.

WHEREFORE, the premises considered, Movant Victoria L. Huffstutler as Executor of the Estate of Fred A. Huffstutler, Deceased, prays this Court enter an Order granting relief as follows:

a. Granting Movant relief from the automatic stay provisions of 11 U.S.C. § 362(a) to prosecute any claims that she may have against Defendant-Debtor in the Civil Suit;

b. Authorizing the State Court to conduct such hearings or other proceedings as may be necessary in the Civil Suit;

c. Limiting Movant's Claim against Defendant - Debtor and the Bankruptcy Estate to the recovery, if any, under Defendant-Debtor's applicable insurance policies, with any additional recovery not covered by insurance proceeds to be filed as an amended Claim by Movant against the Bankruptcy Estate; and

d. For such other and further relief as this Court deems just and proper.

Dated: August 14, 2024

Respectfully Submitted,

GOLDENBERG HELLER & ANTOGNOLI, P.C.

By: /s/Joel A. Kunin
Joel A. Kunin-17963
2227 South State Route 157
Edwardsville, IL 62025
Telephone: 618.656.5150
Facsimile: 618.656.6230
Email: jkunin@ghalaw.com

*Attorneys for Movant Victoria L. Huffstutler as Executor of the Estate of Fred A. Huffstutler, Deceased,*

**CERTIFICATE OF SERVICE**

The undersigned certifies that a true and correct copy of the foregoing was served electronically this 14th day of August, 2024, via CM/ECF to all persons receiving notice through that system. The undersigned further certifies that a true and correct copy of the foregoing was served this 14th day of August, 2024, on all parties on the Debtor's most recent Master Notice list dated August 13, 2024 (a) by email, where email addresses are provided and (b) by the United States Postal Service, postage fully prepaid, in the event the most recent Master Notice List does not include an email address.

/s/Joel A. Kunin