UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| Midwest Christian Villages, Inc., *et al*. | ) | Case No. 24-42473 |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |
| | ) | |

### REPLY TO DEBTORS' OBJECTION TO MOTION OF VICTORIA L. HUFFSTUTLER AS EXECUTOR OF THE ESTATE OF FRED A. HUFFSTUTLER, DECEASED FOR RELIEF FROM THE AUTOMATIC STAY

COMES NOW, Movant Victoria L. Huffstutler as Executor of the Estate of Fred A. Huffstutler, Deceased ("Movant"), by and through her attorneys, and in Reply To Debtors' Objection To Motion Of Victoria L. Huffstutler As Executor Of The Estate of Fred A. Huffstutler, Deceased For Relief From The Automatic Stay ("Objection") states:

1. Movant's Motion for Relief is predicated upon the fact that that Movant is pursuing her claim and recovery under the Debtor's liability insurance policy. Movant recognizes that her recovery is limited to sums in excess of the unpaid self-insured retention (the "SIR") required under Debtor's policy. At the present time, according to the Debtor's Objection, the unpaid SIR is $200,00.00. Thus, before the insurer is required to make any payment, Debtor's liability to Movant must be in excess of $200,000.00 and then Movant is only entitled to the amount of that excess. In the instant matter, Movant has filed her Proof of Claim in the sum of $1,000,000.00 or $800,000.00 in excess of the unpaid SIR.

2. Movant's claim and cause of action is for the negligent conduct of the Debtor, Lewis Memorial Christian Village. The cause action is presently pending in the Circuit Court of

1

Sangamon County, Illinois. This cause of action falls within the liability insured under Debtor's insurance policies.

3. Under Illinois law, an Insurer must indemnify an insured for amounts in excess of the SIR up to the policy limit, regardless of whether the insured has satisfied the SIR. See, *Home Insurance Co. vs Hooper* 191 N.E.2d 65 (Ill. App. 1998). Also see, *American Safety Indemnity Co, vs Vanderveer Estates Holding, LLC* 328 B.R. 18 (BK E.D. N.Y, 2005). These decisions were decided not only on statutory law but also on public policy that the failure of a bankrupt insured to satisfy the SIR does not relieve the insurer of the obligation to pay claims under the policy.

4. The Debtor asserts that the liquidation of Movant's claim can and should be done in this Court as a part of an organized claims resolutions process absent special circumstances. (See Paragraphs 31, and 33 of Debtor's Objection). However, in the instant matter there are "special circumstances" - Movant's claim is predicated on personal injury and/or wrongful death and Movant is entitled to a jury trial. See 28 U.S.C. §1411, 28 U.S.C. 157(b)(2)(B), and 28 U.S.C. §157(b)(2)(O). The bottom line is that this Court does not have authority to adjudicate Movant's claim.

5. Debtor claims it will be required to defend this claim in a jury trial and will incur the costs and expenses associated with the defense. But those fees and costs are permitted under the Bankruptcy Code. Moreover, these costs and expenses will be incurred in connection with adjudicating Movant's $1,000,000.00 claim.

6. Rather than asserting there is no coverage under its insurance policy, Debtor should be claiming that notwithstanding the current circumstances of its insolvency and bankruptcy, its insurance policy provides coverage for Movant's claim. (See Declaration of Barbara Sheppard, Paragraphs 6 and 7 as to the position that there is no coverage.)

2

7. It is difficult to comprehend how allowing the Civil Action to continue would place a heavy burden on Debtor's reorganization efforts. (See Declaration of Barbara Sheppard, Paragraphs 11 and 12). Defending this negligence cause of action will not interfere with any administration of Debtor's business, sale, or its negotiation of any plan of reorganization.

8. Movant would be prejudiced by a delay as Debtor is in the process of selling off assets and the Debtor's personnel and records may be difficult to locate at a later date.

## CONCLUSION

9. Based upon the response set forth herein to the Debtor's Objection and the allegations of Movant's Motion for Relief from the Automatic Stay, this Court should grant the Motion for Relief from the Automatic Stay.

WHEREFORE, the Movant requests that the Court enter an Order granting Movant's Motion for Relief from the Automatic Stay and granting such other and further relief as this Court deems just and proper.

        Respectfully Submitted:

GOLDENBERG HELLER & ANTOGNOLI, P.C.

By: */s/ Joel A. Kunin*, Esq.
    Joel A. Kunin-17963
    2227 South State Route 157
    Edwardsville, IL 62025
    Telephone: 618.656.5150
    Facsimile: 618.656.6230
    Email: jkunin@ghalaw.com

    *Attorneys for Movant Victoria L. Huffstutler as Executor of the Estate of Fred A. Huffstutler, Deceased,*

## Certificate of Service

The undersigned certifies that a true and correct copy of the foregoing was served electronically this 9th day of September, 2024, via CM/ECF to all persons receiving notice through that system.

/s/Joel A. Kunin