IN THE UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Case No. 24-42473-659 |
| | ) | |
| MIDWEST CHRISTIAN VILLAGES, INC. | ) | Chapter 11 |
| | ) | |
| Debtor. | ) | |
| | ) | |
| WILLIAM W. EDWARDS as Personal | ) | |
| Representative of Janet A. Adams, deceased | ) | **CONSENT MOTION** |
| | ) | **FOR RELIEF FROM STAY** |
| Movant | ) | **TO PURSUE LITIGATION** |
| vs. | ) | |
| | ) | |
| LEWIS MEMORIAL CHRISTIAN | ) | |
| VILLAGE, LLC | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

COMES NOW William W. Edwards, as Personal Representative of Janet A. Edwards, Deceased, by and through counsel, and for his Motion for Relief from Automatic Stay to Pursue Litigation, states:

1. This Motion is being brought pursuant to 11 U.S.C. §§361 and 362 and Bankruptcy Rule 4001. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§157 and 1334 and Local Rule 9.01 of the United States District Court for this District. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is proper pursuant to 28 U.S.C. § 1409. This is a contested matter under Bankruptcy Rule 9014.

2. Lewis Memorial Christian Village, LLC (hereinafter "Debtor") is the Debtor in this bankruptcy case.

3. William W. Edwards ("William") is the Personal Representative of Janet Edwards ("Janet"), who died while under Debtor's care.

4. William alleges Janet suffered injuries while being transported in a vehicle owned by the Debtor (the Incident") and those injuries led to or contributed to her wrongful death. As a result, this claim will be defended, and if both coverage and liability are established, paid pursuant to the Debtor's automobile coverage under policy number PHPK2544550 issued by Philadelphia Indemnity Insurance Company (the "Policy").

5. This claim will not be handled through Debtor's general liability insurance. Therefore, costs of defense under that policy, Self-Insured Retention, and other potential costs to the Debtor will not be issues under the circumstances.

6. William's pursuit of Janet's claim and prosecution of any potential lawsuit has been stayed under 11 U.S.C. §362(a)(1) by the commencement of this bankruptcy case.

7. William seeks to complete the prosecution of this claim in order to fully liquidate Janet's claims against the Debtor for any injuries related to the Incident and coverage available under the Policy.

8. Other than filing an unsecured claim for any damages related to the Incident that may ultimately be awarded for the alleged damages but not covered under the Policy, only amounts payable under the Policy will be sought for this claim.

9. Any claim made/lawsuit brought will be narrowly tailored only to make demand/ bring any causes of action for any potential coverage and losses that may be covered under the Policy and claims related to the Incident.

10. Although William will seek satisfaction of the claim from any available third-party payers, he will not seek the enforcement of any judgment against Debtor other than by submitting a claim against the Debtor or pursuant to further order of this Court.

11. Any other claim that the Janet may have against the Debtors unrelated to the Incident will only be pursued through the filing of a separate proof of claim and pursued though the bankruptcy process.

12. By its signature hereto, Debtor consents to the relief sought in this motion.

13. The Debtors' agreement to stay relief is with the strict reservation of all other rights the Debtors may have, including but not limited to the ability to contest liability, coverage under the Policy, and damages.

14. Granting the relief sought will not prejudice the Debtor or any other party in interest.

15. Pursuant to LR 9062, this motion may be considered without a hearing.

WHEREFORE, Movants pray for an order of this Court:

a. Terminating the automatic stay of 11 U.S.C. §362 and permitting William to prosecute Janet's claim against the Debtor,

b. Allowing immediate implementation of its order pursuant to Bankruptcy Rule 4001(a)(3), and

c. Granting such other and further relief as may be necessary or appropriate.

| | |
|---|---|
| DANNA MCKITRICK, P.C. | Clay M. Taylor (*pro hac vice*) |
| | DENTONS US LLP |
| By: /s/ A. Thomas DeWoskin | |
| A. Thomas DeWoskin, #25320MO | By: /s/ Clay M. Taylor |
| 7701 Forsyth Blvd., Suite 1200 | 100 Crescent Court, Suite 900 |
| St. Louis, MO 63105-3907 | Dallas, Texas 75201 |
| (314) 726-1000/(314) 725-6592 fax | (214) 259-0900 |
| tdewoskin@dmfirm.com | – and – |
| | |
| Attorneys For Movant | Samantha Ruben (*pro hac vice*) |
| | DENTONS US LLP |
| | 233 S. Wacker Drive, Suite 5900 |
| | Chicago, Illinois 60606-6404 |
| | Telephone: (312) 876-8000 |
| | samantha.ruben@dentons.com |
| | -and- |

David A. Sosne, MoBar # 28365  
**SUMMERS COMPTON WELLS LLC**  
903 South Lindbergh Blvd., Suite 200  
St. Louis, Missouri 63131  
Telephone: (314) 991-4999  
DSosne@summerscomptonwells.com  

Attorneys for Debtor

# CERTIFICATE OF SERVICE

The Notice of Electronic Filing indicates that all necessary parties were served with this document via the Court's CM/ECF system on December 12, 2024.

 /s/ A. Thomas DeWoskin  
A. Thomas DeWoskin

4908-0104-4997, v. 1