UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| In re<br><br>MIDWEST CHRISTIAN VILLAGES, INC. et al.,<br><br>Debtor(s). | Chapter 11<br><br>Case No. 24-42473<br><br>Jointly Administered |

**MOTION FOR RELIEF FROM AUTOMATIC STAY**

NOW COMES Timberlake Estates Supportive Living, LLC ("Movant"), by and through its attorneys, hereby moves this Honorable Court for entry of an order granting relief from the automatic stay pursuant to 11 U.S.C. § 362(d), Fed. R. Bankr. P. 4001 and L.R. 4001.1 to permit Movant to seek indemnification from Debtor's liability insurers, and in support thereof states as follows:

**INTRODUCTION**

1. On July 16, 2024 (the "Petition Date"), Debtor, Christian Horizons Living, LLC f/k/a Christian Horizons LLC, together with its related Debtor affiliates, filed Voluntary Petitions under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") with the United States Bankruptcy Court for the Eastern District of Missouri (the "Bankruptcy Court") styled as Case No. 24-42486.  Debtor's case has been jointly administered for procedural purposes under Midwest Christian Villages, Inc., Case No. 24-42473.

2. On September 13, 2024, Pamela Yancey-Redmond, as executory of the Estate of Pauline Hines filed her Complaint (the "Complaint") in a certain state court cause of action for negligence and bodily injury against Movant, in the Circuit Court of the Seventh Judicial Circuit,

1

Sangamon County, Illinois (the "State Court"), in the case styled as: *Pamela Yancey-Redmond, as Executor of the Estate of Pauline Hines v. Timberlake Estates Supportive Living, LLC, et al*, Case No. 2024LA000224 (the "Civil Suit").  A true and accurate copy of the Complaint in the Civil Suit has been attached hereto as Exhibit A and is incorporated herein by reference.

3. The Civil Suit stems from events occurring between the dates of July 20, 2022 and September 20, 2022, while Pauline Hines admitted to Timberlake Supportive Living assisted living facility leading to her death on October 4, 2022.

4. Debtor was the company managing Timberlake Supportive Living during the relevant time period.

5. Pursuant to the Management Services Agreement,

> "[Debtor" shall defend, indemnify and hold [Movant], its affiliates, employees and agents, harmless from all Losses to the extent that the same result from or arise out of: (i) any failure of [Debtor] to perform in accordance with the terms of th[e] Agreement other than for any reason beyond [Debtor's] reasonable control…."

6. Upon information and belief, Debtor is covered by a general liability insurance policy and/or policies, providing coverage for defense and liability expenses.  It is further believed that Debtor's insurance coverage is sufficient to cover any judgment entered in the Civil Suit.

7. Movant requests that the automatic stay be lifted, or otherwise modified, to allow Movant to pursue indemnification in the Civil Suit, only to the extent that recovery against the Debtor shall be limited solely to the limits of liability provided for by Debtor's applicable insurance policy or policies.

8. To be clear, if the automatic stay is lifted or modified to allow Movant to seek indemnification, then Movant's claim, if any, against Debtor shall be limited to recovery under Debtor's applicable insurance policy and/or policies.  However, to the extent that Debtor is self-insured and/or to the extent that any recovery in the Civil Suit is in excess of the insurance policy

and/or policies limits, said self-insured liability and/or excess recovery shall be filed as a proof of claim against Debtor and Debtor's estate ("Bankruptcy Estate").

9. Section 362(d) of the Bankruptcy Code requires relief from the automatic stay, "by terminating, annulling, modifying or conditioning such stay for cause." See 11 U.S.C. § 362(d)(1).

10. Good cause exists to allow Movant to proceed against Debtor and to allow Movant to establish its rights, if any, to the proceeds of any insurance policy or policies.

## JURISDICTION AND VENUE

11. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157(a) and 1334(a) and L.R. 9.01(B)(1) of the United States District Court for the Eastern District of Missouri.

12. Venue is proper pursuant to 28 U.S.C. § 1409.

13. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(G).

14. The statutory predicates for the relief sought are sections 105(a) and 362 of the Bankruptcy Code.

## ARGUMENT

15. Upon information and belief, Debtor is covered by a liability insurance policy and/or policies, providing coverage for defense and liability expenses related to the Civil Suit.

16. It is assumed that Debtor carried insurance with limits that would satisfy any potential judgment against it in the Civil Suit, either in full or in part.

17. Section 362(d)(1) of the Bankruptcy Code authorizes this Court to grant relief from the automatic stay "[oi]n request of a party in interest for cause, including the lack of adequate protection of an interest in property of such party in interest." 11 U.S.C. § 362(d)(1).

18. "Congress did not define cause; however, it contemplated relief from the automatic stay to allow litigation involving the debtor to proceed in another forum under appropriate circumstances." *In re Wintroub*, 283 B.R. 743, 745 (8th Cir. BAP 2002).

19. In determining whether cause exists, a court "must balance the potential prejudice to the debtor, the bankruptcy estate and the other creditors associated with the proceeding in another forum against the hardship to the movant if it is not allowed to proceed in the other forum…. The relevant factors which the court must consider include judicial economy, trial readiness, the resolution of primary bankruptcy issues, the movant's chance of success on the merits, the costs of defense or other potential burdens to the estate, and the impact of the litigation on other creditors." *Id*. (the "*Wintroub* Factors").

20. The courts in the Second Circuit, when in considering whether to lift or modify the automatic stay to permit jury trial litigation in another forum when insurance is present are guided by the factors enumerated in *Sonnax Indus., Inc. v. Tri Component Prods. Corp.* (*In re Sonnax Indus., Inc.*), 907 F.2d 1280 (2d Cir. 1990) (the "*Sonnax* Factors"):

> (1) Whether relief would result in a partial or complete resolution of the issues; (2) lack of any connection with or interference with the bankruptcy case; (3) whether the other proceeding involves the debtor as a fiduciary; (4) whether a specialized tribunal with the necessary expertise has been established to hear the cause of action; (5) whether the debtor's insurer has assumed full responsibility for defending it; (6) whether the action primarily involves third parties; (7) whether litigation in another forum would prejudice the interests of other creditors; (8) whether the judgment claim arising from the other act ion is subject to equitable subordination; (9) whether movant's success in the other proceeding would result in a judicial lien avoidable by the debtor; (10) the interests of judicial economy and the expeditious and economical resolution of litigation; (11) whether the parties are ready for trial in the other proceeding; and (12) the impact of the stay on the parties and the balance of harms.

*Id*. at 1286.

21. While the *Sonnax* Factors are more extensive, they include the *Wintroub* Factors considered by the Eighth Circuit. Further, the *Sonnax* opinion has been cited with approval in the Eighth Circuit as additional authority. *See In re Blan*, 237 B.R. 737, 739-40 (8th Cir. BAP 1999).

22. Not all of the factors are relevant in every case. *Schneiderman v. Bogdanovich* (*In re Bogdanovich*), 292 F.3d 104, 110 (2d Cir. 2002); *Mazzeo v. Lenhart* (*In re Mazzeo*), 167 F.3d 139, 143 (2d Cir. 1999). The Court need not assign equal weight to each factor. *In re Taub*, 413 B.R. 55, 62 (Bankr. E.D.N.Y. 2009); *In re Keene Corp.*, 171 B.R. 180, 183 (Bankr. S.D.N.Y. 1994).

23. The Movant bears the initial burden of making a prima facie showing of "cause" for relief from the stay, but the ultimate burden of persuasion rests with Debtor to show an absence of "cause." *See Mazzeo*, 167 F.3d at 142; *Sonnax*, 907 F.2d at 1285; *cf.* 11 U.S.C. § 362(g)(2) (party opposing stay relief has burden of proof on all issues other than debtor's equity in subject property).

24. In the instant proceeding, the relevant *Sonnax* Factors include: "(1) whether relief would result in a partial or complete resolution of the issues; (2) lack of any connection with or interference with the bankruptcy case; (4) whether a specialized tribunal with the necessary expertise has been established to hear the cause of action; (5) whether the debtor's insurer has assumed full responsibility for defending it; (7) whether litigation in another forum would prejudice the interests of other creditors; (10) the interests of judicial economy and the expeditious and economical resolution of litigation; (11) whether the parties are ready for trial in the other proceeding; and (12) impact of the stay on the parties and the balance of harms." *Id.* at 1286.

25. The first *Sonnax* Factor is whether relief would result in a partial or complete resolution of the issues. Relief here would result in a partial, if not complete, resolution of the

5

Movant's claim in that a jury in the personal injury matter would determine the extent of Movant's damages, with the claim being satisfied either in whole or in part by insurance proceeds.

26. The second *Sonnax* Factor is lack of any connection with or interference with the bankruptcy case. While Movant's claim has a connection to the bankruptcy case as a result of the claim being liquidated in the event of judgment, the state court proceeding will certainly not interfere with the administration of the bankruptcy case.

27. The fourth *Sonnex* Factor (whether a specialized tribunal with the necessary expertise has been established to hear the cause of action); the fifth *Sonnex* Factor (whether the debtor's insurer has assumed full responsibility for defending it); the tenth *Sonnex* Factor (the interest of judicial economy and the expeditious and economical resolution of litigation); and the eleventh *Sonnex* Factor (whether the parties are ready for trial in the other proceeding) all weigh heavily in favor of permitting the Civil Suit litigation to proceed. Specifically, this case has been before the States Court since last year; the duty to defend has been assumed by Debtor's insurer; much of the discovery has been completed; and the case is ready for mediation and/or trial after completion of discovery. The State Court is the most efficient and appropriate place for the matter to be brought to conclusion.

28. The seventh *Sonnex* Factor is whether litigation in another forum would prejudice the interests of other creditors. This factor, likewise, weighs in favor of granting the reasonable relief requested. As highlighted above, any risk to creditors can be addressed by conditioning recovery in the Civil Suit to insurance proceeds, with a proof of claim being limited to the amount of the judgment not satisfied by the insurance coverage.

29. Similarly, the twelfth *Sonnex* Factor, the impact of the stay on the parties and the balance of harms, favors the automatic stay being lifted or otherwise modified. The Civil Suit has

6

been pending for more than six months and Movant would likely encounter significant hardship should the automatic stay remain in place with respect to prosecution of the Civil Suit. As noted by the court in *In re Todd Shipyards*, 92 B.R. 600, 603 (Bankr. D.N.J. 1988), "courts have regarded the opportunity to litigate the issue of liability as a significant right which cannot be easily set aside, even where pre-petition causes of action are involved." Should the stay remain in place, Movant likely will have to wait an inordinately long time to pursue its claim, which arose in 2022. This wait may effectively deny Movant an opportunity to litigate given the risk of aging evidence, loss of witnesses and crowded court dockets. *See In re Brock Laundry Machine Co.*, 37 B.R. 564, 566 (Bankr. N.D. Ohio 1984).

30. In the case at bar, Movant submits that there is sufficient cause for the Court to lift or otherwise modify the automatic stay so that Movant may proceed to seek indemnification for the Civil Suit in State Court. The balancing factors demonstrate that Debtor and the Bankruptcy Estate would encounter little prejudice, if any, should the stay be lifted or otherwise modified on the condition that Movant's recovery against Debtor would be first limited to Debtor's applicable insurance policies before filing a proof of claim in Debtor's Bankruptcy Estate to the extent that any judgment exceeds Debtor's applicable insurance coverage.

31. Based on the foregoing, Movant submits that causes exists to lift or modify the automatic stay.

WHEREFORE, the premises considered, Movant, Timberlake Estates Supportive Living, LLC, prays this Court enter an Order granting relief as follows:

  A. Granting Movant relief from the automatic stay provisions of 11 U.S.C. § 362(a) to seek indemnification against Debtor in the Civil Suit;

7

B. Authorizing the State Court to conduct such hearings or other proceedings as may be necessary in the Civil Suit;

C. Limiting Movant's Claim against Debtor and the Bankruptcy Estate to the recovery, if any, under Debtor's applicable insurance policies, with any additional recovery not covered by insurance proceeds to be filed as a Claim by Movant against the Bankruptcy Estate; and

D. For such other and further relief as this Court deems just and proper.

DATED: April 30, 2025

Respectfully submitted,

OTTOSEN DINOLFO HASENBALG & CASTALDO, LTD.

By: /s/ Joseph S. Davidson

Joseph S. Davidson
1804 N. Naper Blvd.
Suite 350
Naperville, IL 60563
(630) 682-0085
jdavidson@ottosenlaw.com

*Counsel for Movant, Timberlake Estates Supportive Living, LLC*

8

## **CERTIFICATE OF SERVICE**

I hereby certify that on April 30, 2025, I electronically filed the foregoing with the Clerk of the Court for the United States Bankruptcy Court for the Eastern District of Missouri by using the CM/ECF system.  Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.

I further certify that some of the participants in the case are not CM/ECF users.  I have mailed the foregoing document by First-Class Mail, postage prepaid, or have dispatched it to a third-party commercial carrier for delivery within three (3) calendar days, to the following non-CM/ECF participants:

*/s/ Joseph S. Davidson*